The Honorable the United States Court of Appeals for the First Circuit is now in session all persons having any business before this honorable Court may give their attendance and they shall be heard God save the United States of America and this honorable court court is in session Today's cases will be called as previously announced and the times will be as a lot of accounts The first case today is United States versus Sebastian Batista appeal number two one Dash one three six five attorney Sheketov. Please introduce yourself for the record and proceed with your argument Good morning, Your Honor's Robert Sheketov for the defendant appellant Sebastian Batista I Apologize for being on the phone, but This was the best I could do given my low skills at technology um so I would concede from the beginning that if there was probable cause on this record to stop the Vehicle that black jeep the defendant was driving I lose It's my contention that there was not probable cause the district court judge found that there was only reasonable suspicion and So I think I'm still in the ballgame if that's accurate and the the first thing I really want to address is this concept of Deciding this case on affidavits as opposed to on evidence taken in the courtroom Because in the circumstances of this case my client does not have personal knowledge of many of the factors that Are important on the decision of whether or not? the stop was lawful or and the following search was Legal And when I don't have when my client doesn't have personal knowledge. It's extremely difficult for me to put into contention facts that Could change the outcome back you can I back you up a step because If I take it the main Ground you give for why you have a right to a hearing Aside from this broad general gun that you might be suggesting now has to do with the statement about When the identification occurred and when the search of the car began, correct? Yeah to me. That's the critical fact. Yeah You agree that we never need to reach that question if there was probable cause for the stop itself, correct So, that's correct, yeah if there's problems I can see that address could you just address Why there isn't or why I mean the government makes the argument that there is I? Understand the district court didn't rely on that But we can affirm a ruling on the ground if it's manifest in the record. So what's the reason why we shouldn't do that? So it probably is a relatively fine line between probable cause and reasonable suspicion But here There's So Both vehicles are in the vicinity of where you would expect the The the person delivering the drugs to be But there are no details of the type of car that that person normally drives The one thing he says on the phone call to the do he thinks is his buyer is That you're being followed It's clear from the record that no one was following the white van So if he was actually in the area to make that claim Would indicate that in my view that he was not in the area and we don't have any details in the record from the Informant as to how they would normally interact Things of that nature so I can see that there's certainly reasonable suspicion That this person arrives in the general time frame Person who had the drugs was supposed to arrive, but there's not enough additional in the in the Indicia that he is in fact the person there to deliver the drugs Until they drive the the Informant to the scene of the stop and ask him to make an identification So I think the district court judge was correct in finding that there was reasonable suspicion For a stop and an inquiry, but I don't think there was probable cause Is there any suggestion that there was any other traffic in the area besides that van? Um Well, there were other police vehicles in the area that were not Marked as police vehicles in my clients affidavit. He states that he sees two other vehicles I presume that they both were undercover police vehicles He says he pulls over in parks and then does a u-turn So, it's a it's a nine o'clock at night approximately in a residential area Just off the highway. There were no other vehicles in that immediate vicinity Other than police vehicles as best I read the record So why isn't it reasonable for the police to assume that your clients vehicle was the drug vehicle? So I think there is reasonable suspicion I can see that right from the from the beginning I just don't think there's enough There to say that there's actually probable cause So there there's enough there that I don't quarrel with the stop But I don't think there's enough there to In fact Just remind me in terms of what identifying characteristics of the car that they were supposed to be on the lookout for There were not not even the color not even the color and Which is Which takes me back to my other point of when you don't have personal knowledge of what occurred It's hard for me to believe that the police didn't say to their informant Well when he delivered drugs to you yesterday, what kind of car was he? Or you know, if he's delivered in the past, what kind of car has he used? and Since this informant is a named person I Could have put him on the witness stand if I was allowed an evidentiary hearing and explored What exactly they knew I might have been able to undercut Anything beyond reasonable suspicion But I think the main issue but by process of exclusion Why isn't that enough to cross the probable cause probable cause threshold line? And by exclusion, I mean Someone is supposed to show up in an area someone shows up and the only other folks around or the police Right, well He's supposed to show up at an approximate time if they had waited two or three more minutes There might have been other cars that showed up in the area there's not nothing distinctive about the car and There's nothing distinctive about what the car does and the one thing that indicated to the District Court judge that The driver of that car was in the air. The driver of the drug car was in the area. Was that he called person in the white van and said They're following three minutes left So, but I To me the main issue is once they pull them out of the car at gunpoint and I Put him in the cruiser of a handcuffed Is that before or after The identification is made the Informant says that the police were searching the car. This is in a discovery Debriefing that the police were searching the car when he was brought there to make the ID and The way the District Court judge blends that with the rest of the evidence is he says that Well, one of the officers signs an affidavit saying he opened the back door of the car See if there were any other people in the car So that's not exactly searching and it seems to me if I had had the Informant on the witness stand I might have been able to make some hay But this issue of what was actually going on in the car at the time he made the Identification I can see once the identification is made there's probable cause that's That is the critical fact it seems to me Anything further No, it's it's nice seeing everybody again, but that's it Thank you Thank You attorney Sheketov at this time if you could mute your camera and your microphone and attorney chrome If you could introduce yourself on the record to begin Yes Can you see me I for some reason I'm suddenly not seeing myself There's my kid. I think yeah, your camera should now be okay I think I think you would shut me off so I didn't inadvertently come on I'm a police the court Randall crumb on behalf of the government Just to address a couple points where I think there were statements about the record that may not that I don't entirely agree with First the point about whether there was evidence that there was a car following The white man, I think the evidence the record is simply silent about that I don't think there was any statement by anybody that there was not including by the Defendant that there was no one following him. Although he saw a car behind him that turned off It doesn't say anything about anyone following the van and the record is quiet From the officers as well So if the fact that that statement is not shown to be where he says he sees somebody following someone and drives off It's not Contrary to any record evidence. It's simply the record doesn't provide evidence about what that vehicle may have been But I also want to point out on the question of the Timing which was the main reason of the so-called search in the protective sweep and the identification there again the record doesn't necessarily really pose any inconsistency because the record does the testimony is that the identification was made while the car was in the position where it was originally stopped and that was the same time at which a Mr. The court asked a series of questions about the existence of probable cause At the time the vehicle is stopped and you partially responded to your brother's argument on that, but then you've leapfrogged over to the So, let's go back to Did probable cause exist at the time the vehicle was stopped? Can you outline for us exactly what was in the record that you say? supports probable cause including if you will How many dealings between the confidential informant and the drug dealer? Before this spy was set up Yes Yes, your honor so the the record indicates that they starting from the last question first that this there had been a course of dealing between these two individuals and that is indicated by inference by the fact that the individual here was the target of an investigation that the Cooperator had been the target of an investigation Suggesting that this is something had that had gone on for a period of time Arrested agrees to cooperate and says he will identify His supplier the suggestion being the reasonable inference being the supplier he has had for some time He then has a phone call in which he the conversation with supplier the recorded phone call Indicates that in fact they had a transaction the prior day and they discuss with some familiarity Their dealings and what they are going to be doing and what he can provide and where he's going to get it from Certainly the inference can be drawn there This is not simply not only not a one-off or a two-off But this was a course of dealing between the target of a significant fentanyl investigation And this was his supplier and so we know that much about the individual Going in then in terms of what thereafter happens. We have a series of calls Some of which they reflect that they know each other well that there's been a course of dealing between them Then they make it an arrangement to meet at a particularly an area Which is a low trafficked area an area where there's not likely to be at that hour a great deal of other people in the Vicinity which is relevant to the question of how certain they might be about any particular vehicle They do not have any identifying information about the vehicle But then what transpires is a series of calls which I think You know really provide the information necessary to meet the probable cause Standard and the first is that right after the van and the black Cherokee pass There's a call from the from the defendant To the cooperator saying that he's in the area and the timing of that call was recognized by the officers at the time those both in the van and listening on the side to suggest to imply that he had Observed a van that he would be familiar with and as a result was indicating that he was also there That's how they took that statement to be and then most significantly thereafter Cherokees observed to turn around and follow the van something that the co-op Defendant in his affidavit agreed He did do he made a u-turn and followed the van and then he makes makes another call makes a statement saying the van is being followed indicating his presence in the vicinity of the van and then Immediately speeds up and leaves the area and the Cherokee is the vehicle that does that that speeds up and leaves the area and Really it you know would strange perjury to say it would be coincidence that a person Who's making a call saying you're being followed and leaves the area is not the person you know the vehicle does not contain that person because the timing was Precisely that to suggest that there was a following occurring and then fleeing the area at a high rate of speed And I would just close the loop on one point there there is no did not there is a small inconsistency is what he says about who is being followed but The affidavit writer the defendant does not argue that he didn't say You're being followed and he could have if he if he had not said that his affidavit could have said I never said That the van was being followed. He does it Only says that he personally wasn't being followed which isn't inconsistent at all this this part that just troubles me a bit about the Argument that you're making for us affirming when the district court did not affirm on this ground and it relates I Suppose to just what role in evidentiary hearing on the question Might have played so it it's hard to see that the district court Would have been acting outside the bounds of reasonableness if in order to decide the probable cause question It wanted to have a hearing on that issue. And then it's hard to know exactly what would transpire in that event as it happened the district court didn't do that as you know, because it decided on reasonable suspicion as the stop and then grounded the Justification for the probable cause only after the identification was made. So so how do we supposed to think about that? In other words? you're asking us to decide and on the ground the district court didn't make and It's a little hard for me to know whether What record really would exist? The district court had tried to do it on probable cause might have had a hearing and then it would be a very different record Well, there's two things. I believe the district court said at the hearing minutes left three minutes I believe the district court actually said that he thought that there was probable cause and although in his opinion He went on to say to decide on reasonable suspicion. He indicated that he believed there were probable cause that wasn't The analysis he ultimately followed but I don't think it would be going beyond what the district court at least Intimated was its belief about the existing record but I also think you know the Affidavits are what the affidavits are and I and that's why I took things to point out that some of these things that are sort Of suggested as being potentially inconsistent Simply aren't at all. There still is the requirement even if the court had gone on to probable cause it was still Was faced with particular stated disputes of facts, which it found were not disputes at all It found that there were not inconsistencies in between the statements And therefore I don't think we'd be asking we are asking the court To resolve any dispute in finding on the basis of probable cause Merely going with what the district court in it found that there were no disputed facts and drawing an additional legal conclusion from that very same Factual confusion the conclusion the district court made that there wasn't a dispute of facts shown by this set of affidavits Could you just address the going back now to the reasonable suspicion on the ground the district court gave You made the point that you could read the record Way that would not have an inconsistency, but I guess I didn't hear you saying you couldn't read the record In a way that would suggest the timing doesn't line up in the way that supports the district court's ruling and since the extent that there's an ambiguity on that score wouldn't that be exactly why you'd have a hearing just to figure out I mean was Well first I would start with it's an abuse of discretion standard So the district court does have a lot of deference in deciding whether You know an ambiguity rises to the level of something that actually requires an evidentiary hearing but I'm not really sure the record does allow for the reading that the Defense Council has argued for here because are you sure it doesn't well I'm just I'd say based on it is that this the cooperative statement that was taken from discovery is merely that when he made the identification a search was in progress the Affidavits say that the search of the car occurred after it was moved off to the side of the road and that a protective sweep Happened. I'm not The statement by a cooperator that a search happened doesn't convey anything about the incensiveness of it Checkups, we've been a search would reasonably look identical to a cooperator who has no reason to know What constitutes an official police search therefore? I mean, I understand your your honors one can interpret the word surgeon in some way in which there isn't isn't It's a classic thing that you would get a hearing you could resolve that you would ask those questions And you would get testimony about it, and then you'd make a finding That's what didn't happen here, right? But I think it's also why I focus on the abuse of discretion standard the district court heard argument on that point had the affidavits In front of it. There was an opportunity if there if more information, you know could be supplied You know They could have been put it put in but all they had was a statement of a cooperators not an officer saying that Something was happening at the car when the identification was made entirely consistent with what the police were saying the district court resolved the ambiguity any ambiguity or the parts of the affidavits in ways that made sense and You know I guess I don't think this would be an abuse of discretion for the district court to reconcile the pieces the way that It did That's time so I'm sorry so so in terms of the strongest basis from the government's perspective For affirming is it reasonable suspicion as the district court found a probable cause Well your honor. I think the both on this record are Fairly clear, and I'm not sure that I would I have a we would have a preference so much is that I do think this It's well within the cases about probable cause at that the court has already decided And it's straightforward on that ground although I think it can also be supported on the grounds the district court gave which then as judge Barron's notes Then you're a lot your lines specifically on the rationale of the district court itself Thank you, thank you, thank you your honors That can that concludes argument in this case attorney Shek a tough and attorney chrome. You should disconnect from the hearing at this time